**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18-CR-02425-MV |
| | ) | |
| LELAND MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**OBJECTION TO PRESENTENCE REPORT**
**ON BEHALF OF LELAND MARTINEZ**

COMES NOW Defendant Leland Martinez, by and through his attorney Nicole W. Moss, and submits these objections to the Presentence Investigation Report (Doc. 44) ("PSR").

**I. Objections to Paragraph 27**

Mr. Martinez objects to the statement "Martinez admitted he purchased items for his personal use including safety eyeglasses, steel-toe boots, and gloves" in as much as that statement implies that these purchases were improper. Mr. Martinez acknowledges purchasing these items for his use, but they were necessary pieces of equipment utilized in the course and scope of his employment with the Bureau of Indian Education ("BIE"). Mr. Martinez was required to wear these items when he made field visits and when he had to load and move heavy equipment and materials. Mr. Martinez requests that this sentence be removed from the PSR or that the statement be corrected to indicate that these purchases were for necessary pieces of equipment utilized in the course and scope of his employment.

**II. Objections to Paragraph 31**

Mr. Martinez objects to the allegations stated in paragraph 31 of the PSR. Specifically, Mr. Martinez denies taking "a stock trailer to the BIE facilities shop and wait[ing] until all the employees left work so he could pick up an item purchased for himself that Nunez had approved." Mr. Martinez also denies being involved in the theft of a BIE backhoe stolen from the BIE facilities shop during the government shutdown of 2013. Mr. Martinez recalls that incident and assisted in the investigation of the theft but was never a suspect. He also denies being involved in a "previous tire theft from the BIE facilities shop". Mr. Martinez requests that this entire paragraph be removed from the PSR.

### III. Objections to Paragraph 32

Mr. Martinez acknowledges that column three of the list in paragraph 32 accurately describes the items that were seized from his residence and storage shed during the investigation in this matter. However, Mr. Martinez asserts that two items on that list, specifically, the Craftsman 6 inch bench grinder and the SkilSaw HD5860 circular saw were purchased with his own money and were not purchased using his government credit card. While agents were searching Mr. Martinez's property and seizing items the agents would point to various tools and ask if he had purchased those with the government credit card. Mr. Martinez was scared and did not want to argue with the agents so he just agreed that those items were purchased with the government credit card when in fact they had been purchased with his own personal funds. Mr. Martinez requests that these two items be removed from column three of the list in paragraph 32.

### IV. Objections to Paragraph 35

Mr. Martinez objects to the allegation that he purchased the tarps worth $20.98 that were located at Parrish's home. Mr. Martinez admits that he did purchase tarps for work purposes, specifically, to cover equipment, supplies and books, but he never purchased any tarps for his

personal use or the personal use of anyone else. Mr. Martinez has no knowledge of any tarps being located at David Parrish's home and if tarps were located there, Mr. Martinez denies any knowledge of how they ended up there. Mr. Martinez requests that the following be struck from the PSR "$20.98 for tarps purchased on December 17, 2015 (located at Parrish's home)" and the total loss attributable to Mr. Martinez be adjusted to $14,909.16.

### V. Objections to Paragraph 79

Mr. Martinez objects to the itemized list of monthly expenses as it is not an accurate statement of his current expenses. Specifically, Mr. Martinez disputes the following reported expenditures:

Groceries and Supplies: Reported Amount $200.00 a month. Mr. Martinez's wife does most of the grocery shopping and therefore, Mr. Martinez was not familiar with how much the family spends on food. After speaking with his wife, Mr. Martinez reports that the family actually spends approximately $500 a month on groceries.

Utilities: Reported Amount $265.73 a month. This amount was only for water and electricity. Since Mr. Martinez lives in a rural area, he is required to purchase propane gas to heat his home. The cost of the propane is approximately $140.00 a month, bringing up the total monthly costs for utilities to approximately $405.73 a month.

Car Payment: Reported Amount: $720.00 a month. Since submitting his financial information to probation, Mr. Martinez was forced to purchase a new vehicle due to major mechanical problems with his previous vehicle. His new monthly car payment is $786.00 a month.

Gas: Reported Amount: $140.00 a month. Mr. Martinez mistakenly believed that the form was asking how much he paid per month for propane gas to heat his home. Mr. Martinez

and his wife actually spend approximately $520.00 a month for gasoline for their vehicles. Since the Martinez family lives in a rural area, they are required to drive longer distances to get to work, for shopping and other regular activities.

Loan Payment: Reported Amount: $244.00 a month. This does not include payments that Mr. Martinez will need to make to repay a loan he took out on his Thrift Savings Plan. Mr. Martinez is scheduled to begin repayment of that loan imminently and the monthly payment amount is $272.00 a month, bringing the total monthly loan payment amount to $516.00.

Mr. Martinez requests that the monthly expenses section by amended to reflect the amounts described above.

### VI. Objections to Paragraph 80

Bases upon the objections Mr. Martinez raises to paragraph 79, the report of monthly expenses, he objects to the conclusion that he has a positive monthly cash flow/available assets and therefore, has the ability to a pay a fine. When taking into the updated and corrected expenses as outlined in Defendant's Objections to Paragraph 79, Mr. Martinez actually has a negative monthly cash low. As a result, Mr. Martinez states that he and his wife are currently struggling to make ends meet and to pay all of their expenses on a monthly basis. Mr. Martinez further anticipates that he will be ordered to pay restitution as a condition of his probation, which will make finances even leaner moving forward.  Mr. Martinez requests that this paragraph be amended to reflect his current monthly expenses and his negative monthly cash flow.

### VII. Objections to Attachment A to the Presentence Report

Mr. Martinez submits the following objections to Attachment A to the Presentence Report.

### Objection to Standard Condition Regarding Risk Notification

Mr. Martinez objects to the imposition of the standard condition of supervision which states:

> If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

In *United States v. Cabral,* 2019 U.S. App. LEXIS 17270 (10th Cir. 2019), the Tenth Circuit Court of Appeals recently held that this condition improperly delegated judicial power to a probation officer. Since this condition would grant Mr. Martinez's probation officer decision making authority that could infringe on a wide array of his significant liberty interests, it is an improper delegation of authority. Mr. Martinez requests that this condition be removed from Attachment A to the Presentence Report and not included as a condition of any period of supervision that he serves.

**Objection to Special Condition Regarding Credit Charges, Financial Contracts and Lines of Credit**

Mr. Martinez objects to the imposition the special condition of supervision which states:

> You must not incur new credit charges, negotiate or consummate any financial contracts or open additional lines of credit without prior approval of the probation officer.

Mr. Martinez objects to the imposition of this special condition as vague, overly broad and unnecessary to meet the objectives of a period of supervision. Specifically, the condition that Mr. Martinez not incur any new credit charges is unnecessarily restrictive in that utilizing credit cards to make purchases and pay for transactions is an everyday necessity of modern life. Mr. Martinez regularly uses a credit card to make necessary purchases such as buy gasoline and pay household bills. There is no evidence to suggest that Mr. Martinez cannot properly manage the

use of his own credit cards. In addition, Mr. Martinez is currently self-employed working "odd jobs" in construction, carpentry and as a day laborer. Every job he obtains requires that he engage in negotiations with the client to determine the scope of the work to be done and the financial compensation that he will receive. The proposed special condition would jeopardize Mr. Martinez's ability to obtain employment if he is not free to negotiate and consummate contracts for work, which necessarily contain financial provisions. Mr. Martinez requests that this condition be removed from Attachment A to the Presentence Report and not included as a condition of any period of supervision that he serves.

## CONCLUSION

In conclusion, Mr. Martinez objects to the above referenced portions of the Presentence Investigation Report and requests that those portions be removed or modified as described more fully in the preceding paragraphs.

Respectfully submitted by:

 /s/ Nicole W. Moss
Nicole W. Moss
Law Office of Nicole W. Moss
201 12th Street N.W.
Albuquerque, NM 87102
(505) 244-0950

I hereby certify that a true and correct copy of the foregoing pleading was electronically delivered to AUSA Paul Mysliwiec, Probation Officer Samuel R. Rickaby and all other parties via CM/ECF, this 27th day of June, 2019.

/s/ Nicole W. Moss____
Nicole W. Moss

6