IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

   Plaintiff,

v.                                                    No. 1:18-CR-02425-MV

LELAND MARTINEZ,

   Defendant.

**DEFENDANT LELAND MARTINEZ'S SENTENCING MEMORANDUM**

COMES NOW, Defendant Leland Martinez, by and through counsel of record Nicole W. Moss, and pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and 18 U.S.C. §3553(a), hereby respectfully submits this Sentencing Memorandum in support of his request that this Honorable Court impose a sentence of probation, as the just, reasonable and appropriate sentence.

**I.      BACKGROUND AND INVOLVEMENT IN CONSPIRACY**

Mr. Martinez comes before this court at age 57 for sentencing in this matter. His only previous contact with the criminal justice system occurred approximately 28 years ago when he was charged with driving under the influence of alcohol. Mr. Martinez has been married to the same woman for over 30 years and is the proud father of five adult children and numerous grandchildren. Mr. Martinez is very much a "family man", maintaining a close relationship with his children and extended family. When his children were young, Mr. Martinez always strived to provide a stable and loving home for his family, while working hard and setting a good example. This was of particular importance to him due to his own difficult and unstable childhood.

1

Mr. Martinez was orphaned at a young age and left to be raised by extended family, namely his grandmother and aunt, on the Navajo Nation. Although his grandmother and aunt cared for him, Mr. Martinez was never treated the same as other children in his family. For example, when other children were allowed to play, Mr. Martinez was required to work. As a result, Mr. Martinez did not have a close, loving family as a child and often felt lonely. When he met his wife and married, it was very important to him that his children feel loved and supported. It is likely due to his lonely childhood that Mr. Martinez endeavored to send all his children to college. He and his wife have gone into debt, including loans taken out of their retirement, to pay for their children's college.

Since he was a teenager Mr. Martinez has worked to support himself and his family. Beginning in 1996 Mr. Martinez was employed with the Bureau of Indian Education, first as a maintenance technician and then as a facility technician. Due to his position as a facility technician, he was entrusted with a government credit card, which he used responsibly for many years. The first time Mr. Martinez used the credit card for a personal purchase was at the direction of his immediate supervisor, Simon Nunez. Mr. Nunez approached Mr. Martinez and instructed him to purchase a saw for his personal use. It was his understanding that Mr. Nunez had authorized the purchase of the saw because the department had recently discontinued annual cash awards to employees. To make up for losing the cash awards, Mr. Nunez authorized the purchase of the saw for Mr. Martinez's personal use.

After that first purchase, Mr. Nunez would occasionally instruct Mr. Martinez to make purchases for either Mr. Nunez's personal use (or his family's use) or for Mr. Martinez's personal use. Mr. Martinez always felt uncomfortable with this arrangement, but when he tried to question Mr. Nunez about it, Mr. Nunez told him to mind his own business. Mr. Martinez felt

threatened to go along with the scheme or risk losing his job. Mr. Martinez was not the only employee that was pressured into participating in this scheme. Co-defendant and former BIE employee, David Parrish, was also pressured to participate in this scheme by Defendant Nunez.

## II.    MR. MARTINEZ'S COOPERATION

In January of 2017 Mr. Martinez was interviewed regarding his involvement in this conspiracy. During the interview Mr. Martinez was honest and forthcoming with investigators in describing the conspiracy and the improper purchases that he made. He then agreed to allow investigators to come to his home and seize several items that were government property. He also took investigators to a storage shed where he was storing other BIE property and returned all that property to investigators as well. He offered to reimburse the BIE the cost of the shed that he had placed on his property, but that offer was not accepted.

During the prosecution of this matter Mr. Martinez took responsibility for his actions and provided a written statement outlining his involvement and the involvement of Simon Nunez. He is prepared to pay restitution to the BIE for the cost of the shed that remains on his property. He feels a great sense of shame over his involvement in this matter and is very remorseful for his actions.

## III.    SENTENCING RECOMMENDATIONS

As outlined in the pre-sentence report, Mr. Martinez's prior criminal history was limited to one DWI case approximately 28 years ago. For most of his life, Mr. Martinez has been a law abiding, hard-working citizen. His involvement in the ongoing conspiracy was due to coercion and pressure exerted by his immediate supervisor, Simon Nunez. Although that is not an absolute defense absolving Mr. Martinez of all culpability for his actions, it is relevant in determining the

appropriate sentence in this matter.

The sentence imposed by a District Court must be both reasoned and reasonable. *United States v. Contreras-Martinez,* 409 F.3d 1236, 1241 (10th Cir. 2005). Generally, when a criminal sentence is imposed within the range provided by the United States Sentencing Guidelines, on appeal the sentence is presumed to be reasonable and is reviewed for unreasonableness under the factors set forth in 18 U.S.C. § 3553(a). *United States v. Kristl, supra,* 437 F.3d at 1054-55, see also *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2465 (2007). According to the pre-sentence report, the total offense level is 6 and his criminal history category of 1. That results in a guideline range of zero to six months incarceration, which is within Zone A of the Sentencing Table, making Mr. Martinez eligible for a period of probation. Pursuant to the Plea Agreement entered into by the parties and Rule 11(c)(1)(B), the parties agree that a period of probation with a fine and restitution is a sufficient sentence, but not greater than necessary to achieve the goals set forth in 18 U.S.C. § 3553(a). Mr. Martinez respectfully requests that the Court accept the parties' recommendation and sentence him to one year of probation with restitution and a reasonable fine.

**CONCLUSION**

Based upon the aforementioned factors and circumstances, Mr. Martinez asks the Court to follow the recommendation of the parties and impose a sentence of probation for a term of one year with restitution and a reasonable fine. This sentence takes into consideration not only Mr. Martinez's limited criminal history, but also, his limited role in this conspiracy.

Respectfully submitted,

LAW OFFICES OF NICOLE W. MOSS, LLC

*/s/ Nicole W. Moss*

Nicole W. Moss
201 Twelfth St. NW
Albuquerque, NM 87102
(505) 244-0950


CERTIFICATE OF SERVICE

I hereby certify that on the 7th of October 2019, I filed the foregoing pleading via CM-ECF, and causing electronic service to AUSA Paul Mysliwiec and all other interested parties in this matter.

*/s/ Nicole W Moss*
Nicole W. Moss