IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18-CR-2425-MV |
| | ) | |
| **LELAND MARTINEZ,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' SENTENCING MEMORANDUM

The United States of America is in receipt of defendant Leland Martinez ("Defendant")'s

Sentencing Memo, Doc. 58, as well as the Presentence Investigation Report ("PSR"), Doc. 44.

The government has no objections to the presentence report.  Defendant has a final offense level

of 6, a criminal history category of I, and therefore an advisory Guidelines range of 0-6 months.

As soon as he was confronted by investigators in this matter, Defendant explained his

involvement, and he has been consistent in his representation that, while he performed his part of

the offense conduct knowingly, he acted as he did because Simon Nunez convinced him it was

appropriate.  The United States has no reason to doubt this account.  Because his participation

was minor, essentially only doing what his boss Simon Nunez instructed, his final offense level

is well within Zone A of the guidelines, making probation a reasonable sentence for this

particular defendant for the conduct that brings him before the Court.

As to Defendant's objections to the PSR, it does not appear that any of them change the

final offense level, so the United States takes no position other than that the Court should satisfy

itself as to the factual accuracy of any change requested.  The United States certainly has no

information contrary to what Defendant has provided regarding his family's finances or monthly expenses.  It could also be true that Defendant was too afraid when meeting with federal agents to assert that certain items in his shed were purchased with his own money – his remorse and acceptance of responsibility in this matter have certainly been a consistent theme.

It appears that Defendant was induced by Simon Nunez to commit crimes that violated the public trust and federal law.  As a result of these felony convictions, he will suffer serious consequences, including losing the right to bear arms, the right to vote, and making finding any future employment significantly more difficult.  If the Court determines he has the ability to pay a fine, he may be required to pay one in accordance with 18 U.S.C. § 3572.  He will also be required to pay appropriate restitution, which will be a necessary but significant burden on his family's finances.

These punishments, together, are sufficient to meet the goals of federal sentencing, and so the United States urges the Court to accept all the sentencing recommendations made jointly by the parties in the plea agreement (including but not limited to sentencing Defendant to probation rather than incarceration).  The filing of this Sentencing Memorandum in CM/ECF caused a copy to be served on Nicole Moss, Esq., counsel for Defendant.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*Electronically filed October 8, 2019*
PAUL MYSLIWIEC
Assistant United States Attorney
201 Third St. NW, Suite 900
Albuquerque, NM 87102
(505) 346-7274
(505) 346-7296 fax

2